STEPHANIE YONEKURA
Acting United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
CHARLES PARKER (Cal. Bar No. 283078)
Assistant United States Attorney
300 N. Los Angeles Street
Federal Building, Suite 7211
Los Angeles, CA 90012
    Telephone:    (213) 894-2740
    Facsimile:    (213) 894-0115
    Email: charles.parker@usdoj.gov

Attorneys for Plaintiff the United States of America

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MARK L. CRUMPACKER, VOICE OF TRUTH & LIGHT SOCIETY, LOS ANGELES COUNTY CHILD SUPPORT SERVICES DEPARTMENT, and STATE OF CALIFORNIA FRANCHISE TAX BOARD,<br><br>    Defendants. | Case No. CV 14-8575<br><br><u>COMPLAINT TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT and FORECLOSE FEDERAL TAX LIENS ON REAL PROPERTY</u><br><br>[Exhibits redacted under L.R. 5.2-1] |

Plaintiff, the United States of America, by and through its undersigned counsel, complains and alleges as follows:

**Jurisdiction and Venue**

1. The United States brings this action 1) to reduce to judgment assessments against defendant Mark L. Crumpacker ("the taxpayer" or "Mark Crumpacker") for federal individual income taxes and 2) to foreclose federal tax liens against certain real property.

2. This action is commenced at the direction of the Attorney General of the

United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7402.

3. This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 1340 and 1345.

4. Venue for this action is within the Central District of California under 28 U.S.C. § 1391(b)(2) because the property that is the subject of this action is located in this district, under 28 U.S.C. § 1391(b)(1) because the taxpayer resided in this district when the tax liabilities at issue were assessed, and under 28 U.S.C. § 1396 because this is a civil action for the collection of internal revenue taxes and the taxpayer resides in the district.

## Statute of Limitations

5. Pursuant to 26 U.S.C. § 6502(a)(1), the IRS must collect assessed taxes within ten years of the assessment date. The ten year statute of limitations is suspended under 26 U.S.C. § 6330(e)(1) upon a taxpayer's request for a collection due process hearing and the suspension continues until a final determination is issued by the IRS.

6. Assessments for tax years 1996 through 2001 were made against the taxpayer on April 26, 2004.

7. The taxpayer filed a request for a due process hearing with the IRS regarding the assessments for tax years 1996 through 2001 on January 18, 2005. The IRS resolved the taxpayer's claim 218 days later on August 24, 2005, and sent the taxpayer a Notice of Determination letter.

8. From January 18, 2005, through August 24, 2005, the time to collect the assessments against the taxpayer for tax years 1996 through 2001 was suspended pursuant to 26 U.S.C. § 6330(e)(1) because the pending due process hearing. This suspension extended the statute of limitations to collect assessed taxes for tax years 1996 through 2001 from April 26, 2014 to November 30, 2014.

///

### The Subject Real Property

9. The real property against which the United States seeks to foreclose its tax liens is located at 14933 Daffodil Avenue, Canyon Country, California 91351, and is legally described as:

> Lot 40 of Tract 26801, as per map recorded in Book 774, pages 48-50 inclusive of Maps, in the office of the County Recorder of Los Angeles County.

("the subject property" or "14933 Daffodil Avenue"). Attached as Exhibit 1 is a true and correct copy of the grant deed that transferred title to the subject property to Mark Crumpacker, recorded in Los Angeles County, California on December 8, 1982.

### The Parties

10. Defendant Mark Crumpacker is an individual residing within the Central District of California. Mark Crumpacker is made a party to this action because he is the individual against whom the United States seeks to reduce to judgment federal income tax assessments.

11. Defendant Mark Crumpacker is made a party to this action pursuant to 26 U.S.C. § 7403(b) because he is the true owner of the subject property upon which the United States seeks foreclosure. *See* Ex. 1.

12. Defendant Voice of Truth & Light Society is made a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the subject property pursuant to a deed of trust recorded in Los Angeles County, California at instrument number 06 0200312 on January 27, 2006. A true and correct copy of the deed of trust is attached as Exhibit 2.

13. Defendant Los Angeles County Child Support Services Department is made a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the subject property due to an abstract of judgment issued by the Superior Court of Los Angeles against the taxpayer on November 6, 1998, and recorded with the County of Los Angeles, California on April 22, 1999. A true and correct copy of the abstract of judgment is attached as Exhibit 3.

14. Defendant State of California Franchise Tax Board is made a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the subject property due to outstanding state income taxes assessed against the taxpayer and various Notice of State Tax Liens recorded against the taxpayer in the County of Los Angeles, California. Attached as Exhibits 4 and 5 are true and correct copies of Notice of State Tax Liens recorded on May 17, 2006, and April 25, 2008, respectively.

## Causes of Action

**COUNT I - Reduce Federal Tax Assessments to Judgment against Mark Crumpacker**

15. The United States incorporates by reference its allegations made in paragraphs 1 through 14 above as if fully restated herein.

16. On the following dates, a delegate of the Secretary of the Treasury made assessments of income, penalties and interest against defendant taxpayer for unpaid federal income taxes (Form 1040) for the identified tax periods and in the amounts stated below:

| Tax Year | Date of Assessment | Tax Assessed | Type[1] | Balance as of 6/1/2013 |
|---|---|---|---|---|
| 1996 | 4/26/2004 | $16,518.00<br>$12,970.32<br>$843.59<br>$3,581.10<br>$3,979.00 | T<br>INT<br>ETP<br>LFP<br>FTP | $37,326.01 |
| 1997 | 4/26/2004 | $16,308.00<br>$10,053.99<br>$836.70<br>$3,533.85<br>$3,926.50 | T<br>INT<br>ETP<br>LFP<br>FTP | $34,057.04 |

---

[1] Key: T = Personal Income Tax
INT = Assessed Interest
ETP = Estimated Tax Penalty pursuant to 26 U.S.C. § 6654
LFP = Late Filing Penalty pursuant to 26 U.S.C. § 6651(a)(1)
FTP = Failure to Pay Tax Penalty pursuant to 26 U.S.C. § 6651(a)(2)

| | | | | |
|---|---|---|---|---|
| 1998 | 4/26/2004 | $7,800.00<br>$2,346.20<br>$198.43<br>$1,053.67<br>$1,170.75 | T<br>INT<br>ETP<br>LFP<br>FTP | $9,452.05 |
| 1999 | 4/26/2004 | $10,702.00<br>$2,573.01<br>$319.03<br>$1,575.67<br>$1,715.73 | T<br>INT<br>ETP<br>LFP<br>FTP | $13,186.44 |
| 2000 | 4/26/2004 | $16,575.00<br>$3,508.63<br>$802.20<br>$3,414.15<br>$2,807.19 | T<br>INT<br>ETP<br>LFP<br>FTP | $25,706.17 |
| 2001 | 4/26/2004 | $12,069.00<br>$705.07<br>$180.27<br>$1,185.07<br>$658.38 | T<br>INT<br>ETP<br>LFP<br>FTP | $7,995.79 |
| 2002 | 4/26/2004 | $16,223.00<br>$1,568.68<br>$542.12<br>$3,619.80<br>$1,689.24 | T<br>INT<br>ETP<br>LFP<br>FTP | $23,525.84 |
| 2003 | 1/9/2006 | $19,183.00<br>$2,293.93<br>$494.98<br>$4,238.10<br>$1,977.78 | T<br>INT<br>ETP<br>LFP<br>FTP | $27,840.79 |
| 2004 | 3/24/2008 | $18,784.00<br>$5,375.17<br>$525.34<br>$4,087.58<br>$3,270.06 | T<br>INT<br>ETP<br>LFP<br>FTP | $31,445.15 |

| 2005 | 3/24/2008 | $12,584.00<br>$1,237.55<br>$220.23<br>$1,395.00<br>$744.00 | T<br>INT<br>ETP<br>LFP<br>FTP | $9,796.78 |

Attached as Exhibits 6 through 15 are true and correct copies of Certificates of Assessments, Payments and Other Specified Matters (Form 4340) for each of the tax years described above, redacted to exclude personal identifiers.

17. The IRS timely issued notice and demand for payment to the taxpayer for each of the tax periods listed above in paragraph 13.

18. Despite timely notice and demand for payment the taxpayer has neglected, failed, or refused to fully pay his outstanding tax liabilities for the tax periods at issue.

19. As of October 24, 2014, the outstanding balance of assessed and outstanding federal personal income taxes, plus accrued penalties and interest, due for the taxpayer totaled $220,332.06. The United States is entitled to judgment against the taxpayer in this amount, plus subsequent statutory accruals including interest, penalties, and other costs and expenses.

**COUNT II- Foreclose on 14933 Daffodil Avenue**

20. The United States incorporates by reference its allegations made in paragraphs 1 through 19 above as if fully restated herein.

21. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens for the unpaid tax liabilities arose in favor of the United States against all property and rights to property owned by the taxpayer as of the assessment dates described in paragraph 16 above.

22. In connection with the assessments set forth in paragraph 16 above, the IRS recorded valid Notices of Federal Tax Liens in Los Angeles County on December 23, 2004, July 25, 2006, and March 24, 2009, against all property and rights to property owned by the taxpayer as of the respective assessment dates for each of the personal income tax assessments for the tax years 1996 through 2005. Attached as Exhibits 16, 17, and 18 respectively, are true and correct copies of the Notices of Federal Tax Liens

filed against the taxpayer for the tax years at issue.

23. The taxpayer acquired title to 14933 Daffodil Avenue via a grant deed recorded in Los Angeles County on December 8, 1982. *See* Ex. 1.

24. The taxpayer holds an ownership interest in 14933 Daffodil Avenue to which the federal tax liens described in paragraph 16 attach.

25. Under 26 U.S.C. § 7403, the United States is entitled to foreclose its federal tax liens on the subject property and apply the proceeds to the outstanding federal tax assessments of Mark Crumpacker.

WHEREFORE, plaintiff, United States of America, repectfully requests the Court:

A. Enter a money judgment in favor of the United States and against Mark Crumpacker in the amount of $220,332.06, plus additional accrued interest and statutory additions as provided by law;

B. Find that Mark Crumpacker has an ownership interest in 14933 Daffodil Avenue;

C. Find that the Notice For Tax Liens filed against Mark Crumpacker referenced in paragraph 22 above reflect valid liens against all property and rights to property of Mark Crumpacker, including but not limited to 14933 Daffodil Avenue;

D. Find the validity and priority of all liens on and other interests in 14933 Daffodil Avenue and order that the proceeds from any judicial sale of such properties be distributed accordingly;

E. Find that Voice of Truth & Light Society holds no interest in the subject property and is entitled to no proceeds from the sale of 14933 Daffodil Avenue;

F. Order that the federal tax liens against Mark Crumpacker encumbering 14933 Daffodil Avenue be foreclosed and the real property be sold to satisfy the liens and outstanding and delinquent federal tax assessments against defendant Mark Crumpacker;

G. Grant the United States of America its costs incurred in bringing this action and all lien fees and collection costs incurred before or after the filing of this Complaint; and

H. Order any further relief it deems just and appropriate.

Respectfully Submitted,

STEPHANIE YONEKURA
Acting United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

DATED: 11/5/14

*/s/ Charles Parker*

CHARLES PARKER
Assistant United States Attorney

Attorneys for Defendant
United States of America