UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK L. CRUMPACKER, et al.,<br><br>Defendants. | CV 14-8575 PA (SSx)<br><br>JUDGMENT |

Pursuant to the Court's Order granting plaintiff United States' Motions for Default Judgment,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States shall have judgment in its favor against defendants Mark L. Crumpacker ("Crumpacker"), Voice of Truth & Light Society (the "Society"), the Los Angeles County Child Support Services Department ("Child Support Services"), and the State of California Franchise Tax Board ("FTB").

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that judgment is entered in favor of the United States and against Crumpacker in the amount of $357,444.47 as of February 20, 2015 (which includes taxes, additions to tax, penalties, interest, fees, and collection costs) for his unpaid federal income tax liabilities for tax years 1996, 1997, 1998,

1999, 2000, 2001, 2002, 2003, 2004, and 2005. Interest on the judgment will run in accordance with the laws of the United States.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America has valid tax liens for the amount of Crumpacker's unpaid federal income taxes for the years 1996 through 2005, against the property located at 14933 Daffodil Avenue, Canyon Country, California 91351 (the "Subject Property"), legally described as:

> Lot 40 of Tract 26801, as per map recorded in Book 774, pages 48-50 inclusive of Maps, in the office of the Country Recorder of Los Angeles County.

The tax liens arising from Crumpacker's unpaid federal income taxes for tax years 1996 through 2005 attached to Crumpacker's interest in the Subject Property upon assessment of the taxes pursuant to 26 U.S.C. § 6321 and upon filing of Notice of Federal Tax Liens pursuant to 26 U.S.C. § 6323.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Subject Property will be sold according to the following procedure for foreclosure:

1. The Subject Property described above is sold by the Area Director of the Internal Revenue Service, Los Angeles, California Area ("Area Director"), or his delegate, the Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

2. Any party to this proceeding or any person claiming an interest in the subject property may move the Court, pursuant to 28 U.S.C. § 2001(b), for an order for a private sale of the subject property. Any such motion shall be filed within twenty (20) days of the date of this Judgment and shall set forth with particularity (a) the nature of the moving party's interest in the subject property, (b) the reasons why the moving party believes that a private sale would be in the best interests of the United States of America and any other claimant involved herein, (c) the names of three proposed appraisers and a short statement of their qualifications, and (d) a proposed form of order stating the terms and conditions of the

private sale. Any such motion shall comply with Rule 7 of the Local Rules of the District Court for the Central District of California.

3. The Area Director, or the PALS, is ordered to sell the subject property if it does not become the subject of a motion pursuant to the preceding paragraph, in accordance with 28 U.S.C. §§ 2001(a) and 2002. The property shall be sold at a public sale to be held at the Stanley Mosk Los Angeles County Courthouse 111 North Hill Street, Los Angeles, California as follows:

    a. The PALS shall announce the date and time for sale.

    b. Notice of the sale shall be published once a week for at least four (4) consecutive weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Los Angeles County, California. Said notice shall describe the subject property by both its street address and its legal description, and shall contain the terms and conditions of sale as set out herein.

    c. The terms and conditions of sale shall be as follows:

        i. A minimum bid determined by reference to the current fair market value shall be required. The minimum bid shall be 75% of the current fair market value as determined by an appraisal of the subject property by the PALS. The terms of sale as to all persons or parties bidding shall be by money order or by certified or cashier's check.

        ii. The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

        iii. At the time of the sale, the successful bidder shall be required to deposit with the PALS, by cash, money order, or by certified or

cashier's check payable to the United States District Court for the Central District of California, a deposit equal to twenty percent (20%) of the bidder's total bid immediately upon the property being struck off and awarded to such bidder as the highest and best bidder.

iv. The successful bidder shall remit the remaining eighty percent (80%) of said purchase price to be paid on or before 5:00 p.m., within three (3) business days of the date of sale, by cash, money order, or by certified or cashier's check payable to the United States District Court for the Central District of California.

v. The cash, money order, or certified or cashier's check payable to the United States District Court for the Central District of California shall be given to the PALS by the successful bidder, who will deposit the funds with the Clerk of this Court.

vi. Should the successful bidder fail to comply with the terms of the sale, such bidder shall be liable to the United States for twenty percent (20%) of the value of the property as a penalty. The Clerk shall distribute the 20% penalty as directed by the PALS by check made to the "United States Treasury" to be applied toward payment of said penalty. Payment of said penalty shall not be a credit on the judgment of the United States. The subject property shall again be offered for sale under the terms and conditions of this order for sale or, in the alternative, sold to the second highest bidder.

4. The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the Court's registry for distribution pursuant to a further order.

5. Upon selling the subject property, the United States of America shall prepare and file with this Court an Application by the United States of America Confirming Sale and

Directing Distribution of Sale Proceeds, which will set forth an accounting and report of sale for the subject property. The sale of the subject property shall be subject to confirmation by this Court. The Application by the United States of America Confirming Sale and Directing Distribution of Sale Proceeds shall be filed within thirty (30) days from the date of such sale. If no objections have been filed in writing in this cause with the Clerk of the Court within fifteen (15) days of the date of sale, the sale shall be confirmed by the Court without necessity of motion. On confirmation of the sale, the Court will direct the Internal Revenue Service to execute and deliver its deed conveying the subject property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to the subject property that are held or asserted by all parties to this action are discharged and extinguished.

      6.     Possession of the subject property which is sold shall be yielded to the purchaser upon the production of the Certificate and Sale of Deed; and if there is refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of this Court to compel delivery of the subject property sold to the purchaser.

      7.     Until the Subject Property is sold, Defendant Crumpacker:

          a.     Shall take all reasonable steps necessary to preserve the subject property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitations, maintaining a fire and casualty insurance policy on the Subject Property;

          b.     Shall timely pay all real property taxes, mortgage payments (if applicable), homeowners association dues (if applicable), and homeowner insurance premiums;

          c.     Shall neither commit waste against the subject property nor cause nor permit anyone else to do so;

          d.     Shall neither do anything that tends to reduce the value or marketability of the subject property nor cause nor permit anyone else to do so; and

  e. Shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the subject property or that may tend to deter or discourage potential bidders from participating in the public auction, nor cause or permit anyone else to do so.

 8. After the Court confirms the sale, and by Order on the application made by the United States of America as to the specific amounts at issue, the sale proceeds deposited with the Clerk of this court shall be applied to the following items, in the order specified:

  a. First, to the United States of America, for the expenses of the sale of the subject property;

  b. Second, to the Los Angeles County Assessor, or other local taxing authority, for any real property taxes and other local assessments due and owing;

  c. Third, the remaining proceeds shall be distributed consistent with the Court's Order dated February 10, 2015 (Docket. No. 35) regarding the lien priorities of the United States, the FTB, and Child Support Services as follows:

| | | |
|---|---|---|
| i. | Child Support Services: | $8,471.52 |
| ii. | United States: | $216,105.12 |
| iii. | United States: | $40,698.76 |
| iv. | FTB: | $15,687.56 |
| v. | United States: | $45,313.14 |
| vi. | FTB: | $51,344.69 |
| vii. | FTB: | $14,640.19 |
| viii. | FTB: | $9,602.38 |
| ix. | FTB: | $9,975.89 |
| x. | Child Support Services: | $4,210.25 |

|   |   |     |                  |             |
|---|---|-----|------------------|-------------|
| 1 |   | xi. | United States:   | $55,327.45  |
| 2 |   | xii.| FTB:             | $684.17     |
| 3 |   | xiii.| FTB:            | $857.57     |
| 4 |   | xiv.| FTB:             | $3,696.74   |

9. The Court hereby retains jurisdiction of this action for the purpose of making proper distributions of the proceeds of the sale, and resolving any dispute, if any, pursuant to the Motions for Default Judgment by the United States and Order of this Court upon the Motions for Default Judgment.

DATED: August 4, 2015

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE